IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM SMITH                                                                                    PLAINTIFF

V.                                                                 CAUSE NO. 3:16-CV-00539-CWR-LRA

WAL-MART STORES, INC.                                                                        DEFENDANT

**ORDER**

Defendant has moved for summary judgment. After reviewing the facts and briefing, the Court has determined that defendant's motion must be denied. Defendant's motion in the alternative for partial summary judgment is granted in part and denied in part.

**I.  Factual Background**

On November 18, 2012,[1] William Smith was violently assaulted in the parking lot of Wal-Mart Stores East, LP ("Wal-Mart") in Philadelphia, Mississippi. Smith—a high school student at the time—and two friends were seated inside a car, when a pick-up truck approached then circled their vehicle. Shortly thereafter, the pick-up parked directly behind their car. Two white males in their twenties—later identified as Adam Thrash and Bobby Cumberland—exited the truck and walked up to the car. The assailants hurled racial epithets as they approached, and the high-schoolers exited their vehicle. The two white men escalated their verbal abuse into a potentially deadly physical assault, and one of them ultimately stabbed Smith multiple times. Wal-Mart appears to concede that the events unfolded over at least a few minutes. Docket No. 53, at 6.

Upon recognizing the severity of his wounds, Smith and his friends sought help and first-aid from the employees at Wal-Mart. Smith alerted store employees, some of whom were

---

[1] Plaintiff was a minor at the time of the incident, and defendant concedes that this action was timely brought pursuant to the minor's savings clause. *See* Docket No. 47 at 1 n.1; Miss. Code Ann. § 15-1-59.

smoking cigarettes outside of the store and at least one of whom witnessed and joked about the assault. The police were not called; an ambulance was not summoned; the manager was not informed; and when asked for bandages to stymie Smith's bleeding, a store cashier informed Smith where he could purchase them. Plaintiff's friends retrieved bandages, waited in the checkout line and purchased them, administered what immediate medical aid they could in Wal-Mart's restroom, then drove Smith to the Emergency Room at Neshoba General Hospital. His injuries included a knife wound, which required stitches, a fracture to two of his vertebrae and a concussion.

## II. Legal Standard

Rule 56 directs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains." *Sims v. Monumental Gen. Ins. Co.*, 960 F.2d 478, 479 (5th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citation omitted).

## III. Discussion

Because subject matter jurisdiction of this case is based on diversity, the applicable substantive law is that of the forum state, Mississippi. State law is determined by looking to the decisions of the state's highest court. *Delancey v. MedAmerica Ins. Co.*, --- F.Supp.3d ----, 2017 WL 1241434, at *1 (S.D. Miss. Mar. 31, 2017).

Plaintiff seeks to recover on a negligence claim of premises liability for defendant's alleged failure to provide adequate security.[2] "In a premises liability action, the plaintiff must prove the familiar elements of duty, breach of duty, proximate cause, and damages." *Holmes v. Campbell Prop., Inc.*, 47 So. 3d 721, 724 (Miss. Ct. App. 2010) (citing *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994)). "A business owner owes an invitee a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injury at the hands of another."[3] *Ellis v. Gresham Serv. Stations, Inc.*, 55 So. 3d 1123, 1127 (Miss. Ct. App. 2011) (citing *Lyle v. Mladinich*, 584 So. 2d 397, 399 (Miss. 1991)). To recover from defendant's alleged failure to take reasonable care to extinguish the threat of assault, "the plaintiff must prove the defendant had either (1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises." *Wright v. R.M. Smith Inv., L.P.*, 210 So. 3d 555, 559 (Miss. Ct. App. 2016) (citing *Kroger v. Knox*, 98 So. 3d 441, 443 (Miss. 2012)). The present motion argues that plaintiff cannot make either showing.

Smith makes no attempt to demonstrate that Wal-Mart had actual or constructive knowledge of Thrash's or Cumberland's violent nature. He does, however, assert that Wal-Mart had constructive knowledge that an atmosphere of violence existed on its premises. "[F]actors for consideration of whether a defendant had such notice have been held to include 'the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises, as well as the frequency of criminal activity on the

---

[2] Plaintiff also seeks punitive damages due to alleged gross negligence and reckless disregard for plaintiff's safety. The Court discusses this request *infra*.
[3] Defendant's argument presumes plaintiff's status as an invitee, discussing what duty is owed to insure an invitee's safety and making no mention of licensees or trespassers.

3

premises.'" *Ellis*, 55 So. 3d at 1127 (quoting *Gatewood v. Sampson*, 812 So. 2d 212, 220 (Miss. 2002)).

To that end, Smith has submitted, *inter alia*, 911 dispatch records of calls regarding events in defendant's parking lot for the three years prior to the stabbing. This submission reveals nearly four hundred calls made to 911 requesting emergency assistance. Aside from plaintiff's stabbing, there were calls concerning fights involving groups of juveniles, assaults, kidnapping, robberies, shootings, possession of explosives, missing persons, theft, and vandalism. Remarkably, those hundreds of calls did not encompass the allowable "general vicinity of defendant's business premises," rather each call related to a specific instance of suspected "criminal activity on the premises." *Gatewood*, 812 So. 2d at 220.

In rebuttal, defendant offered the sworn statement of Officer Barry Smith, the police officer who investigated plaintiff's stabbing. Therein Officer Smith explains that defendant's parking lot was part of his regular patrol, and he provides an anecdotal description of defendant's parking lot as having been relatively safe. Notably, Officer Smith's statement does not explain what the "patrol" entails and the frequency with which the patrols were conducted.

Drawing all inferences in the non-movant's favor, to the extent allowed by the evidence, there certainly exists a genuine issue as to Wal-Mart's constructive knowledge that an atmosphere of violence existed on its premises. Even if it is found to have been negligent, Wal-Mart argues that it is still entitled to judgment as a matter of law, because the evidence could never support a claim that its negligence was the proximate cause of plaintiff's damages. "Proximate cause is a concept which is more accurately defined by reference to the distinct concepts of which it is comprised, which are: (1) cause in fact; and (2) foreseeability." *Davis v. Christian Bhd. Homes of Jackson, Miss., Inc.*, 957 So. 2d 390, 404 (Miss. Ct. App. 2007)

4

(quotation marks and citation omitted). "Cause in fact means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred. Foreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others." *Id.* (quotation marks and citation omitted).

In response plaintiff adduced the preliminary assessment and supplemental report prepared by security expert John Tisdale. In his report Mr. Tisdale concludes that had defendant established a proactive security presence in the parking lot, instead of permitting a complete absence of on-site security to persist, the harm to plaintiff would not have occurred. Plaintiff also pointed to deposition testimony detailing the stabbing, and argues that had security officers been present, the racial epithets, taunting and other yelling that preceded the stabbing would have given security ample time in which to respond and prevent the fight. Additionally, reasonable inferences drawn from the 911 dispatch calls discussed *supra* would allow a reasonable jury to find that plaintiff's stabbing, i.e. criminal activity in defendant's parking lot, was foreseeable, as emergency calls related to suspected criminal activity on the premises were made with regularity.

Here, again drawing allowable inferences in favor of plaintiff, there exists a genuine issue as to whether Wal-Mart's negligence caused Smith's injuries.

Finally, defendant moves in the alternative for partial summary judgment precluding plaintiff from recovering (1) punitive damages due to defendant's alleged gross negligence or reckless disregard for plaintiff's safety, and (2) future medical expenses.

Defendant argues "where Plaintiff cannot establish simple negligence on the part of Wal-Mart, he certainly cannot establish that Wal-Mart was grossly negligent and/or reckless." Docket No. 47 at 9. In light of the Court's findings *supra* that there exist genuine issues of material fact, this argument is unavailing. Moreover, as plaintiff pointed out in his response, the deposition

testimony of Shawn Dixon—the store manager at the time—indicates that Wal-Mart maintained and monitored security cameras filming the incidents taking place in its parking lot. Additionally, Dixon's affidavit merely says that Wal-Mart employees are trained to look for suspicious persons and activity and inform management. But, here, no employee reported the incident or if they did, management did nothing because no manager appeared nor were the police called to the scene.[4] Drawing favorable inferences from that testimony could allow jurors to find actual knowledge of and reckless indifference to violence on Wal-Mart's premises, including plaintiff's stabbing.

Defendant's motion for summary judgment on the issue of future medical bills, however, correctly states that plaintiff has failed to timely produce any evidence whatsoever establishing with reasonable certainty the expenses he will incur in future medical treatment, pharmaceutical prescriptions, or rehabilitation. *See Potts v. Miss. Dept. of Transp.*, 3 So. 3d 810, 813 (Miss. Ct. App. 2009) ("Damages cannot be based on mere speculation but must be proved to a reasonable certainty."). Plaintiff appears to have conceded the point. *See* Docket No. 52, at 18 ("The Plaintiff does not dispute the caselaw referenced by the Defendant . . . as to future medical, doctor, hospital and drug bills."). As the deadline for expert designation has passed, any dollar amount provided for Smith's future medical expenses would necessarily rely on speculation.[5] Defendant is therefore entitled to summary judgment on this issue.

---

[4] Officer Smith was dispatched to the Neshoba County General Hospital Emergency Room. Docket No. 48-1.
[5] Smith's treating physician will be permitted to testify about the basic facts known to him as his treating physician. *See Payne v. Univ. of Southern Miss.*, No. 1:12-CV-41-KS-MTP, 2014 WL 1404732, at *4 (S.D. Miss. Apr. 10, 2014) (citing *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004)). *See also*, *Gerald v. Univ. Southern Miss.*, NO. 2:12cv147-KS-MTP, 2013 WL 5592454, at *6 (S.D. Miss. Oct. 10, 2013) (allowing a treating physician to testify as a fact witness despite excluding his expert testimony as untimely).

**IV.     Conclusion**

Defendant has failed to demonstrate the absence of a genuine issue of material fact entitling it to a judgment as a matter of law. Plaintiff has failed to include any evidence to precisely determine future medical, pharmaceutical, or rehabilitation costs. Defendant's motion for summary judgment is denied. Defendant's motion for partial summary judgment, with respect to punitive damages is also denied. Defendant's motion for partial summary judgment with respect to future medical costs is granted.

**SO ORDERED**, this the 23rd day of June, 2017.

                                        s/ Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE