**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**WILLIAM SMITH**                                                                                          **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:16-CV-00539-CWR-LRA**

**WAL-MART STORES, INC.**                                                                         **DEFENDANT**

## ORDER

Four motions in limine are pending in this premises liability case. The motions are briefed and ready for adjudication.

## I.      Defendant's Motion

Wal-Mart moves to exclude (1) a medical opinion that plaintiff's injury proximately caused post-traumatic headaches, post-traumatic stress disorder, and chronic neck pain; (2) evidence of future medical expenses; (3) emergency calls unaccompanied by incident reports; (4) emergency calls and incident reports pertaining to non-violent criminal activity; (5) testimony regarding plaintiff's communication with a store cashier following his stabbing; and (6) the net worth of Wal-Mart Stores East, LP. Defendant also asks the Court to bifurcate the issue of punitive damages. The Court considers each request in turn.

### A.      Medical Opinion of Proximate Causation

Defendant seeks to exclude conclusions by plaintiff's treating physician as to the cause of plaintiff's headaches, post-traumatic stress disorder, and chronic neck pain. The Court has already ruled that Dr. Goel—designated by plaintiff as his treating physician—will be allowed to testify to facts as they relate to his examination and treatment of plaintiff. Dr. Goel was not timely designated as an expert. Therefore, he will not be permitted to provide expert testimony. Rulings on objections to specific portions of Dr. Goel's testimony are reserved for trial.

**B.      Future Medical Expenses**

As the Court stated in its previous Order, plaintiff failed to timely produce evidence establishing with reasonable certainty any future medical expenses he will incur for treatment, prescriptions, or rehabilitation. Docket No. 56. Plaintiff's failure to timely designate an expert opinion regarding future medical expenses precludes him from proposing a specific dollar amount or estimate representing the cost of such expenses at trial, as doing so would necessarily rely on speculation. *See Wall v. Swilley*, 562 So. 2d 1252, 1256 (Miss. 1990) ("Whatever the measure of damages, they may be recovered only where and to the extent that the evidence removes their quantum from the realm of speculation . . . into the daylight of reasonable certainty."). To the extent that it pertains to future medical expenses, defendant's motion is granted.

**C.      Emergency Calls Lacking Incident Reports**

Defendant seeks to exclude all emergency calls that are unaccompanied by a police incident report.

As defendant's own cases show, the presence or absence of a corroborating incident report certainly impacts the weight assigned to an emergency call for service at trial, but it does not preclude its introduction into evidence. *Kroger Co. v. Knox*, 98 So. 3d 441, 444 (Miss. 2012); *Tillman v. Wendy's Int'l, Inc.*, 252 F.3d 434 (5th Cir. 2001); *see also Bennett v. Highland Park Apartments, LLC*, 170 So. 3d 522, 528 (Miss. Ct. App. 2014) (considering expert testimony on the number of calls for emergency service—with no reference to corroborating police reports—to determine that defendant had constructive knowledge there existed an atmosphere of violence on its premises). The trier of fact retains the duty of assigning or discounting the importance of calls for service.

**D.      Emergency Calls and Reports Relating to Non-Violent Criminal Activity**

The calls for service and incident reports produced in this case related to a variety of suspected criminal activity, some of which was non-violent. Wal-Mart objects to these calls and reports as more prejudicial than probative or otherwise irrelevant. The Court reserves ruling on specific objections for trial.

**E.      Communication with Store Cashier**

Defendant asks to exclude as irrelevant evidence that, while bleeding, plaintiff spoke to a store cashier and asked for bandages. Wal-Mart's policy of addressing violence on its premises is in issue, and the cashier's action or inaction in response to plaintiff seeking medical supplies following a stabbing is probative. Defendant's motion is denied.

**F.      Defendant's Net Worth**

Defendant seeks to preclude the introduction of any evidence offered to show its net worth. "Generally, evidence of a defendant's worth or income is admissible in determining the proper level of punitive damages." *Graef v. Chem. Leaman Corp.*, 106 F.3d 112, 119 (5th Cir. 1997); *see also* Miss. Code Ann. § 11-1-65(e) ("In all cases involving an award of punitive damages, the fact finder, in determining the amount of punitive damages, shall consider . . . the defendant's financial condition and net worth . . . ."); *Hunter v. Williams*, 92 So. 2d 367, 369 (Miss. 1957) ("We have repeatedly held that in a suit for punitive damages it is proper to show the financial condition of the defendant."). Evidence of defendant's net worth is relevant to the issue of punitive damages, and it will be admitted at a hearing on the subject if one is held. Any such testimony is not appropriate during the liability portion of the trial.

### G.    Bifurcation of Punitive Damages

To that end, defendant also requests bifurcation of the trial, to separate the issue of punitive damages from the rest of the proceeding. Defendant's motion is granted. *See* Miss. Code Ann. § 11-1-65(b)-(c).

## II.    Plaintiff's Motions

Plaintiff seeks to exclude: (1) evidence that plaintiff's medical expenses were paid by private health insurance; and (2) defenses that were not properly pled or pursued.

### A.    Private Health Insurance Payments

Plaintiff wishes to preclude defendant from introducing evidence that plaintiff received money from private health insurance to cover in part or in whole his medical expenses following the stabbing. Defendant is unopposed. The law is settled on this point. "Compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the defendant in mitigation or reduction of damages." *Burr v. Miss. Baptist Med. Ctr.*, 909 So. 2d 721, 728 (Miss. 2005). Plaintiff's first motion in limine is granted.

### B.    Defenses Not Properly Pled

Plaintiff's remaining motions in limine wish to preclude Wal-Mart from presenting evidence in support of the following defenses: contributory fault, comparative fault, superseding cause, open and obvious risk, plaintiff's failure to exercise reasonable care, lack of notice, assumption of risk, and unavoidable accident. To the extent that Wal-Mart included these defenses in its answer, plaintiff's motion is denied. Specific objections may be raised at trial.

III.    **Conclusion**

Defendant's motion in limine is granted in part and denied in part. Plaintiff's first motion in limine is granted. Plaintiff's second motion in limine is denied. Plaintiff's third motion in limine is denied.

**SO ORDERED**, this the 24th day of July, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE